## RICH v. VICTORIA COPPER MINING CO.

## VICTORIA COPPER MINING CO. v. RICH.

### (Circuit Court of Appeals, Sixth Circuit.   June 25, 1908.)

### Nos. 1,792, 1,793.

EJECTMENT—JUDGMENT FOR VALUE OF PREMISES—MICHIGAN STATUTE.

    3 Comp. Laws Mich. §§ 10,996, 10,997, provide that in an action of ejectment, where defendant makes claim for improvements, plaintiff may also have submitted to the jury the question of the value of the premises without improvements, and if no waste had been committed, and if he recovers, may at his election abandon the premises to defendant, in which case "judgment shall be rendered against the defendant for the sum so estimated by the jury, with costs of suit, which judgment shall be a lien upon the premises in question, and execution may issue on such judgment and be levied upon said premises, and the same may be sold by virtue thereof, in the same manner and with like effect as any other real estate of the defendant." *Held* that, where such a judgment was rendered, plaintiff was entitled to the issuance of an execution at any time, notwithstanding the fact that by section 10,981 defendant was entitled as matter of right to a new trial at any time within three years, but that such judgment was not a general judgment against defendant, and the execution could only be levied on the premises in controversy in the action.

In Error to the Circuit Court of the United States for the Western District of Michigan.

See 147 Fed. 380, 77 C. C. A. 558.

The following is the opinion of KNAPPEN, District Judge, in the court below:

    The defendant's motion asks: First, that execution upon the judgment for the value of the land, under 3 Comp. Laws Mich. 1897, § 10,997, be stayed until the expiration of the three-year period within which defendant is entitled to a new trial; and, second, that proceedings under the execution, so far as the judgment for value is concerned, be limited to a sale of the premises in question.

    1. The conclusion reached is that execution is issuable immediately upon the entry of judgment, notwithstanding the statutory provision for a new trial.

    The statute contains no express limitation of the right to immediate issue. After providing for the rendering of judgment, it provides that execution may issue thereon and be levied upon such premises, and the same sold by virtue thereof. 3 Comp. Laws Mich. 1897, § 10,997. The provision for judgment for the value of the land, without improvements, is part of the general scheme of the statutes pertaining to ejectment. Where plaintiff prevails, and the defendant does not ask to have the value of his improvements determined, or where, in the case of such request, the plaintiff elects to pay the estimated value of the improvements, writ of possession is provided. 3 Comp., Laws Mich. 1897, § 10,978; 1 Stevens' Michigan Practice, pp. 388–399. Otherwise plaintiff is entitled to execution for the value of the land without improvements or waste. No reason is apparent for inferring a difference in legislative intent, except as such intent is shown by a difference in statutory language.

There is no material difference in the language of the two statutes cited. The former reads: "Execution may issue on such judgment," etc. And the latter: "The plaintiff recovering such judgment shall be entitled to a writ of possession." Neither statute contains an express provision for the immediate issue of writ. It has, however, been held that the statutory right to a new trial does not militate against the right of immediate writ of possession. Dawson v. Chippewa Circuit Judge, 127 Mich. 328, 86 N. W. 801.

A similar construction of the provision for execution upon judgment for value would seem natural. The fact that another statute (section 10,986) expressly provides that possession taken under the writ, by virtue of any recovery in ejectment, shall not be affected by any vacating of judgment, does not, to my mind, indicate a distinction between the writ of execution and the writ of possession, for, however much such provision might have seemed necessary in a case where possession had been transferred under the writ, no necessity is apparent in the case of execution sale. Moreover, the Supreme Court of Michigan has seemingly construed the statute in question as permitting a sale under execution at any time after judgment, without reference to the right of redemption; the purchaser under the execution sale simply taking title subject to the right of the defendant to defeat it by taking a new trial at any time within the statutory three years. Cook v. Circuit Judge, 70 Mich. 94, 37 N. W. 906.

This construction of the decision of the Supreme Court in the case last cited is adopted by Mr. Stevens. 1 Stevens' Michigan Practice, § 204, p. 414. This seems to be the view taken in Newell on Ejectment, p. 824. Such construction does not nullify the statute (section 10,981) providing for a new trial. The right remains unaffected by the sale, from the fact that the purchaser takes his title subject to be defeated upon defendant's election to take a new trial. In the absence of legislative provision, the fact that competition is lessened on account of the liability of the sale to be set aside furnishes no sufficient reason for a different construction than that adopted.

Indeed, the evil of lack of competition, where no property is liable to be sold except the premises in question, is not greater than always exists in cases of mortgage foreclosure and execution sale generally, which are in this state always subject to be defeated by the exercise of the right of redemption. While this court doubtless possesses the power, independently of statute, to stay execution in a proper case, yet the fact that the only statutory provision for staying execution is limited to cases of application for a new trial is not without significance. 3 Comp. Laws Mich. 1897, § 10,983.

There is no apparent force in the contention that the granting of immediate execution would interfere with the assertion of the statutory lien, enforceable in equity, for the amount paid for the tax titles held invalid. Whatever lien the defendant may have, on account of his tax titles, would seem to be unaffected by a present sale under execution. If upon a new trial the defendant prevails, the lien becomes unimportant. If upon such new trial the plaintiff again prevails, the status of the lien would seem to be then the same as now.

2. Should the execution run against the defendant's property generally?

3 Comp. Laws Mich. 1897, § 10,995, 10,996 provide (in substance sufficient for the purposes of this inquiry) that the jury trying an action of ejectment shall, if the finding be for the plaintiff, determine upon defendant's request the increased value of the premises by reason of betterments made thereon by the defendant during an actual and peaceable occupation, and upon plaintiff's counter request (which can be made only when defendant makes the request above mentioned) the value of the premises at the time of the trial, in case defendant had made no betterments and committed no waste. Section 10,997 provides for an absolute right of election by the plaintiff, within a specified time, to abandon the premises to defendant at the value estimated by the jury, and have judgment entered thereon "against the defendant for * * * the sum so estimated by the jury, with costs of suit, which judgment shall be a lien upon the premises in question, and execution may issue on such judgment and be levied upon such premises, and the same may be sold by virtue thereof, in the same manner and with like effect as any other real estate of the defendant." Section 10,998 requires the plaintiff (in case of failure to elect to so abandon the premises to defendant) to pay to the clerk

of the court, for the use of the defendant, within a specified time, the sum assessed for betterments, with interest thereon, and that until such sum is paid no writ of possession shall issue upon the judgment. Failure to make such payment is made an abandonment of plaintiff's claim of title to the premises

The provisions cited extend to cases of undivided interests in lands. The jury found plaintiff owner in fee of an undivided 8/20 of the premises, found the value of the entire land $25,600, without betterments or waste, and that the betterments made by defendant had not increased the value beyond the waste committed. The plaintiff elected to abandon the land to defendant, and judgment was entered that the "plaintiff do recover against the said defendant the sum of $9,647.70, being 8/20 of the value of said premises so estimated by said jury, together with his costs and charges by him about his suit, in this behalf expended, to be taxed, and that this judgment be a lien on said premises, and that said plaintiff have execution for the collection thereof, according to the force, form, and effect of the statute in such case made and provided."

The question is whether, in addition to the remedy by enforcement of lien on the premises, execution can run against the defendant's property generally, both real and personal; or whether plaintiff is limited in the satisfaction of his judgment to an enforcement of his lien under execution upon the defendant's interest in the premises.

At common law a defendant against whom recovery was had in ejectment could recover nothing on account of betterments. No matter how peaceable his possession, or how great his good faith, the improvements passed to the plaintiff by his recovery in ejectment. A recovery of the kind of judgment here in question is purely the result of statutory provision, growing out of the practice in equity, and provisions of the civil law framed for the protection of a good-faith occupant. Sedgwick & Wait on Trial of Title to Land, §§ 690-693; Burkle v. Circuit Judge, 42 Mich. 513, 4 N. W. 192; Lemerand v. Railroad Co., 117 Mich. at page 314, 75 N. W. at page 763.

The Supreme Court of Michigan has, in at least two cases, applied the provisions of the statute in question to suits in equity brought to restrain proceedings in ejectment. Sherman v. Cook Co., 98 Mich. 61, 57 N. W. 23; McKenzie v. A. P. Cook Co., 113 Mich. 452, 71 N. W. 868. The election to abandon the land to defendant, and to have judgment and lien for its value, is given plaintiff only when the defendant avails himself of the statutory provision for the protection of his betterments. The provision is in derogation of the common law. It is the general rule that where a right of recovery is purely statutory, and a remedy is expressly given by the statute, any other remedy than that so given will be deemed excluded unless the contrary appears expressly or by fair and reasonable implication from its nature, or purpose, or the language employed. Black on Interpretation of Laws, § 99. As said by Mr. Justice Campbell in Chapman v. Lumber & Salt Company, 20 Mich. at page 366: "It is certainly an elementary principle that, where a statute creates a right and accompanies it with a specific remedy, it excludes other remedies." In Dewey v. Goodenough, 56 Barb. (N. Y.) at page 58, it is said: "As a general rule, where a statute is intended to abrogate a common-law right, or to confer a right not vested by the common law, it will be so construed as not to go beyond the letter, and not even to that extent, unless it appears to be according to the spirit and intent of the act." In Miller v. Clark, 60 Mich. at page 165, 26 N. W. at pages 872, 873, the Supreme Court of Michigan, speaking of the statute in question, said: "The only right and authority for the entry of any judgment of this character is derived from this statute, and it would seem, owing to its extraordinary provisions, that it ought to be strictly construed as against the plaintiff."

The precise question here raised has not, so far as appears from briefs of counsel or the examination made by the court, been expressly answered by the decisions of courts of states other than Michigan, the provisions of whose statutes upon this general subject vary greatly. The Supreme Court of Michigan has not in express terms passed upon the identical question here raised, although it is believed it has done so by implication. Except so far as the statute may have been so impliedly construed, its construction must be de-

termined by reference to the specific language of the statutory provision in question, and the general rules of construction.

It is urged that the provision of the statute that "judgment shall be entered against the defendant," is an explicit declaration that a personal judgment is intended, and that this idea of personal judgment is further necessarily involved in the provision that the premises affected by the lien may be sold under the execution "in the same manner and with the like effect as any other real estate of the defendant."

The language "judgment shall be rendered against the defendant" is not, to my mind, conclusive of an intent to make the judgment a personal one. The spirit and intent of the statute, which is primarily for the protection of the defendant, and not of the plaintiff, is not such as to justify from this language alone a necessary inference of an intent to create a personal liability against the defendant, except so far as that liability is to be satisfied by the enforcement of the lien provided.· If such further personal liability, so markedly in derogation of the common law, were intended, it would seem natural to have so provided by express words. A judgment in form against the defendant, to be satisfied only by enforcing the lien thereunder, is not unnatural, as the lien created by the judgment is only upon the interest of those who are bound by the judgment as parties or privies. Platz v. Englehardt, 138 Mich. at page 491, 101 N. W. 849.

The provision that the premises be sold under the execution "in the same manner and with the like effect as any other real estate of the defendant" is not, to my mind, equivalent to a declaration that any other real estate of the defendant may be likewise sold under the execution. There is no such express declaration. Such construction, moreover, would produce the peculiar result of excluding by natural (though not, perhaps, necessary) implication the liability to execution of defendant's goods and chattels, which under executions upon personal judgments are usually required to be exhausted before sale of real estate is permitted. To my mind, the natural interpretation of the language of the statute is this: It gives a judgment for the value of the premises and makes this judgment a lien upon the defendant's interest therein (judgments not being generally in Michigan liens upon either real or personal property). It provides for enforcing this lien by writ of execution under which levy is to be made and sale of the defendant's interest in the premises· had; the remedy provided for collecting judgment by way of enforcing this lien being exclusive. The provision that the sale under the execution to enforce the lien shall be had "in the same manner and with the like effect as any other real estate of the defendant" is interpreted as meaning "in the same manner and with the like effect as real estate of defendants generally under execution sales." In other words, the statutes pertaining to sales of real estate on execution on judgments generally are made to apply to sales under execution for the enforcement of the adjudged statutory lien. Such construction is not inconsistent with the letter of the statute. It is in direct harmony with its spirit. It is not inconsistent with the characterization above quoted of the provisions of this statutory judgment, as "extraordinary." It must be remembered that under this statute the plaintiff is given the absolute right of election, whether to pay for the defendant's improvements or to sell the defendant's interest in the land for the recovery of the value of the plaintiff's interest therein. The defendant is given no choice whatever, nor has he any claim upon the land for his betterments, except such as is subject to be cut off by plaintiff's election to enforce his statutory lien for the value of the land. The defendant cannot even enforce the payment of its award for betterments against the plaintiff personally, for, notwithstanding the express provision that the plaintiff in default of election to abandon the premises "shall pay to the clerk of the court for the use of the defendant such sum as shall have been assessed for buildings and improvements," it is held that no personal recovery is permitted; defendant's only safeguard being the prohibition of the issue of writ of possession until such payment is made. Lemerand v. Railroad Co., 117 Mich. at page 314, 75 N. W. 763; Guild v. Kidd, 48 Mich. 309, 12 N. W. 158; 1 Stevens' Mich Practice, page 388.

The construction so adopted of the statute here in question is thus in

harmony with the construction of the counter provision for the protection of the defendant just referred to. It is in harmony with the characterization of this judgment as "a special money judgment and constructive eviction." Long v. Sinclair, 38 Mich. 91. It is in harmony with the form given in the practice books, which is followed in the judgment entry in question. 1 Stevens' Mich. Practice, form 135, page 434. It is not inconsistent with the fact that in several cases (including Rawson v. Parsons, 6 Mich. 400; Miller v. Clark, 60 Mich. 162, 26 N. W. 872; Bertram v. Cook, 44 Mich. 396, 6 N. W. 868; s. c. 86 Mich. 356, 49 N. W. 42; Platz v. Englehardt, 138 Mich. 485, 101 N. W. 849; Sherman v. Cook, 98 Mich. 61, 57 N. W. 23) which have been before the Supreme Court, where judgments in substantially the form above given have been rendered, no criticism has been made upon the form of the judgment. In none of these cases does any question seem to have been raised of the enforcement of the judgment otherwise than by execution for the satisfaction of the statutory lien. The construction here adopted is likewise in harmony with the decree entered by the Supreme Court of Michigan in Mackenzie v. Cook, supra, which provided that: "If the A. P. Cook Co., Ltd., does elect to abandon the land, then no execution to be issued, according to the analogy of the statute, shall run against the defendants personally, nor shall they be personally liable excepting for the costs of this cause." It is true that the case referred to was in equity, to restrain the prosecution of an ejectment suit, and that the provision as to execution was thus within the equitable discretion of the court, and therefore does not necessarily amount to a judicial construction of the statute. But it is not clear that the relief from personal liability was based upon equitable considerations. This is the only case, so far as I am aware, in which the Supreme Court of Michigan has had occasion to expressly declare with respect to personal liability of a defendant under a judgment of this nature.

I do not understand counsel in this case to have knowledge of an actual practice to sell under the execution for value anything beyond the interest in the premises affected. The fact that the judgment for costs is collectible out of other property than defendant's interest in the premises in question, and that thus, under the construction here adopted, either the plaintiff may have two executions, or the one execution may contain two different præcipes, as to the manner of collecting judgments, is not significant. 3 Comp. Laws Mich. 1897, § 11,201, which provides for including execution for costs in the plaintiff's writ of possession, has been construed as giving an election to take separate writs. Dawson v. Chippewa Circuit Judge, 127 Mich. 328, 86 N. W. 801. No reason is apparent why a different rule should prevail with respect to the case here presented.

I am the better contented with the result reached from the fact that under the verdict rendered plaintiff has not been put to a real and substantial election whether to pay for the betterments or to take judgment for value (as the betterments were found to be of no value above waste), but rather to an election between a writ of possession and judgment for value. There is possible room for doubt whether the statute was intended to apply to such a case, but this question does not seem to be open.

An order will be entered permitting the immediate issue of execution, but with the provision inserted therein or indorsed thereon limiting the enforcement of the judgment for the value of the land to the levy upon and sale of the defendant's interest in the premises in question. In my opinion no amendment of the judgment entry is necessary.

D. H. Ball, for Ancil J. Rich.

C. D. Hanchette, for Victoria Copper Mining Co.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. The orders made by the Circuit Court which were brought here on writs of error by the respective parties are affirmed upon the grounds stated in the opinion of Judge Knappen, who pre-

sided in the court below. We are satisfied with the reasons given by him, and adopt his opinion as a sufficient statement of the reasons on which we approve and affirm the orders in question.